THE UNITED STATES, APPELLANTS v. JOSEPH DELESPINE'S HEIRS, LAZARUS AN. OTHERS.

A translation, by the secretary of the board of land commissioners of Florida, whose duty it was to translate Spanish documents given in evidence before the board of commissioners, of a certified copy of a Spanish grant of land in Florida, which had been produced to the board, was properly admitted as evidence of the grant: satisfactory proof having been given to the Court, that the original grant could not be found in the records of East Florida; and that this was the best evidence, from the nature of the case, which could be given of the existence of the original paper, lost or destroyed.

APPEAL from the superior court of East Florida.

The heirs of Joseph Delespine, and others, purchasers from Joseph Delespine, filed a petition to the supreme court of East Florida, praying confirmation of a grant to Joseph Delespine, made by Don José Coppinger, on the 9th day of April, 1817; he being then the Spanish governor of East Florida. The grant was for forty-three thousand acres, under which surveys were made by George J. F. Clarke, then surveyor of the province, according to the terms of the grant.

The petitioners exhibited, in support of their claim, the original translation, certified by Francis I. Facio, of the certified copy by Thomas de Arguilar, the government secretary of the province, which was brought into court by the keeper of the public archives of East Florida. Evidence was given, that the original grant by governor Coppinger had not been found among the archives, or any where. It was also in evidence, that a copy of the memorial of Joseph Delespine, and of the concession thereupon, for the forty-three thousand acres of land, purporting to have been certified by Thomas de Arguilar, as secretary of the government, was exhibited to the board of land claims of East Florida, which was, before the board, proved to have been in the handwriting of the government secretary, and signed by him. This document had been mislaid or lost.

The superior court of East Florida gave a decree in favour of the petitioners; and the United States prosecuted this appeal.

[The United States v. Delespine's Heirs, et al.]

Mr. BUTLER, the attorney general of the United States, informed the Court, that on an examination of the record, he found nothing in the case to distinguish it from those which had been already decided in favour of claimants under Spanish grants; unless the Court should consider the circumstance of the original grant by governor Coppinger not having been found in the archives of Florida, as rendering the evidence of the grant insufficient.

The grant should have been found filed with similar papers in the proper office, but there it was not. It is admitted that the papers of the office are in disorder; and evidence was given in the superior court of Florida, which showed that negligence in the preservation of the papers frequently prevailed there. But the certified copy of the grant was not produced, it also had been lost; and the only evidence exhibited to the court, was a certified translation of a copy of the grant.

It is admitted that when a grant of land is made, the original is retained, and a copy only is furnished to the grantee; but the original is filed in the proper office. There no original can be found. The case must stand before the court as if the certified copy of the grant had been produced, for its loss is accounted for; but the question which this Court have to decide, is whether the grantees ought not to prove the original to be in existence. Cited Mitchell v. The United States, 9 Peters, 731; Owens v. Hull, 9 Peters, 621.

Mr. Justice WAYNE delivered the opinion of the Court:

In this case, it is conceded by the attorney general that the only ground upon which it can be taken out of the decisions of this Court, confirming the decrees of the courts of Florida, upon grants and concessions of land made by the authorities of the king of Spain to his subjects, before the 24th January, 1818; was, that the superior court of East Florida, in adjudicating upon this claim, received as evidence the copy of a copy of a concession or grant to Joseph Delespine. We think the copy, in this instance, was properly received by the court. The first copy was made from the original, filed in the proper office, from which the original could not be removed for any purpose. That copy, it is admitted, would have been evidence in the cause. It is shown, by the affidavit of Mr. Drysdale, to have been lost whilst the claim was under examination by the board of commissioners established by congress for ascertaining land claims in Florida; and that the copy received as evidence, is a translation of

the first, certified by the secretary of the board of land commission-ers, whose duty it was to translate Spanish documents given in evidence before the board of land commissioners; and is a part of the papers in this claim, transferred, according to law, to the keeper of the public archives of East Florida. And it appears, also, by proofs in this cause, that the papers in the office from which the first copy was taken, and the original of which is also sufficiently proved to have been on file, have been, by accident or otherwise, mutilated, since the first copy was taken; that the original could no longer be found; and, consequently, that the copy in this case, was the best evidence, from the nature of the case, which could be given of the existence of an original paper lost or destroyed.

The decree of the superior court of East Florida was confirmed.

This cause came on to be heard on the transcript of the record from the superior court for the district of East Florida, and was argued by counsel. On consideration whereof, it is now here decreed and ordered by this Court, that the decree of the said superior court in this cause be, and the same is hereby affirmed.